**In re REPUBLIC READER'S SERVICE, INC., Debtor.**

**REPUBLIC READER'S SERVICE, INC., Plaintiff,**

v.

**MAGAZINE SERVICE BUREAU, INC., Richard Rothermel, Harold Smith, Harold Queen, and George Anthony, Defendants.**

**Bankruptcy No. 86–10798–H5–11.
Adv. No. 87–0261.**

United States Bankruptcy Court, S.D. Texas, Houston Division.

Dec. 18, 1987.

Thomas B. Greene, III, Houston, Tex., for debtor.

## REPORT AND RECOMMENDATION TO THE DISTRICT COURT OF MOTION FOR ABSTENTION FROM ADVERSARY PROCEEDING

MARGARET A. MAHONEY,
Bankruptcy Judge.

This matter comes before me upon my own motion to show cause why abstention from the above adversary proceeding should not be recommended to the district court. Pursuant to 28 U.S.C. § 1334, 28

U.S.C. § 157, and the Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc entered by the district court, I have jurisdiction to initially evaluate the grounds for abstention in accordance with Rule 5011(b) of the Bankruptcy Rules. Having examined counsels' memoranda on the issue, reflected upon their arguments presented orally at the hearing, and researched the relevant case law, I conclude that abstention authorized under 28 U.S.C. § 1334(c)(1) is proper.[1] Therefore, I respectfully recommend that the district court, after appropriate review of this report and any objections filed by either party under Bankruptcy Rule 9033, grant my motion to abstain.

## I. FACTUAL BACKGROUND

Republic Reader's Service, Inc. ("Debtor", "Plaintiff", or "Republic Reader's") brought this adversary proceeding against Magazine Service Bureau, Inc., et al., ("Defendants" or "MSB") as an action for turnover of property and accounting pursuant to 11 U.S.C. § 542 and § 543 as well as for damages to Debtor's business under state law. Defendants filed a counterclaim alleging breach of contract, fraud, and tortious interference with contractual relations. Debtor originally sought damages for violations of the automatic stay but withdrew its allegation. Both parties also withdrew their demands for exemplary damages.

MSB originally filed suit on October 31, 1986, against Republic Reader's in the United States District Court for the Western District of Pennsylvania. The suit filed there was grounded on the interpretation of a service agreement between the parties, which is the heart and soul of this adversary proceeding. Republic Reader's challenged the jurisdiction and venue of the United States District Court for the Western District of Pennsylvania, arguing that

this district was the proper forum. On November 20, 1986, Republic Reader's filed for Chapter 11 protection in this district and subsequently brought this adversary proceeding.

## II. ABSTENTION IN A NONBANKRUPTCY CONTEXT

■ The general rule derived from cases which address the issue of abstention in nonbankruptcy cases is that abstention is the narrow exception to the congressional grant of subject matter jurisdiction bestowed upon the federal courts. *See Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976) ("exception, not the rule"); *Harris County Commissioners Court v. Moore*, 420 U.S. 77, 95 S.Ct. 870, 874, 43 L.Ed.2d 32 (1975) ("special circumstances"). The rationale underlying the narrow use of abstention is that jurisdiction statutorily conferred by Congress is largely mandatory, not discretionary. *Bacon v. Rutland Railroad Co.*, 232 U.S. 134, 137, 34 S.Ct. 283, 284, 58 L.Ed. 538 (1914).

Case law, however, has carved well established though narrow exceptions to this general rule grounded firmly in the importance placed upon the role federalism plays in the structure of judicial systems within our society. *See, e.g., Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943); *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1959); *Railroad Comm. of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). The conditions which must be present for abstention to be appropriate in those cases not of the progeny of *Pullman*[2] are unsettled state law and broad impact on state policy. *Meredith v. Winter Haven*, 320

---

1. Abstention from an adversary proceeding under 28 U.S.C. § 1334(c) must be distinguished from abstention from the underlying bankruptcy case which is governed by 11 U.S.C. § 305.

2. *Pullman*-type abstention cases involve mixed questions of federal constitutional law and state law and the logical propriety of avoiding a fed-

eral constitutional issue where the case may be disposed of on questions of unsettled state law. Abstention in such cases focuses more on avoiding federal constitutional questions than on considerations of comity with state courts, and consequently represents a separate category of abstention.

U.S. 228, 236–38, 64 S.Ct. 7, 11–12, 88 L.Ed. 9 (1943); *See also Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. at 27, 79 S.Ct. at 1072. Both prongs generally must be satisfied; neither alone is sufficient to allow a court to abstain. *Meredith v. Winter Haven*, 320 U.S. at 234, 64 S.Ct. at 11. Thus even where state law is uncertain, if the impact of the decision will not extend beyond the parties to that particular case, abstention has in most cases been held to be unjustified. *Meredith v. Winter Haven*, 320 U.S. at 235, 64 S.Ct. at 11.

## III. ABSTENTION IN A BANKRUPTCY CONTEXT

Abstention within the context of a bankruptcy proceeding, in my opinion, differs importantly from abstention in a nonbankruptcy context. Support for this proposition can be drawn from the statutory codification of abstention in 28 U.S.C. § 1334(c). While authority for abstention from a nonbankruptcy case depends solely upon case law, abstention by the district court in bankruptcy proceedings is specifically authorized by section 1334(c)(1) and mandated by section 1334(c)(2). The intent of Congress is that abstention must play a far more significant role in limiting those matters, which although properly brought within the reach of jurisdiction under Title 11, are nonetheless best left for resolution to a state or other nonbankruptcy forum.

The 1984 amendments to the abstention provisions contained in section 1334(c) thus reflect a clear expansion of the abstention doctrine within the realm of bankruptcy. As previously codified in 28 U.S.C. § 1471(d), permissive abstention was warranted only "in the interest of justice." Permissive abstention under section 1334(c)(1) is authorized not only in the interest of justice, but also "in the interest of comity with state courts or respect for state law." This extension of the absten-

tion doctrine logically resulted from the Supreme Court's decision that a non-Article III bankruptcy court could not constitutionally determine a contract claim based on state law brought by the debtor against a third party. *Northern Pipelines Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). The fact that non-Article III bankruptcy courts must guard against unconstitutionally exercising Article III powers represents yet another distinguishable characteristic between abstention in the context of a bankruptcy case from abstention as applied in a nonbankruptcy case.[3]

Congress has chosen not to grant bankruptcy courts Article III powers, opting instead under 28 U.S.C. § 1334 to vest jurisdiction in the district court. The reach of that jurisdictional grant has been interpreted broadly within this Circuit. The Fifth Circuit has recently adopted the Third Circuit's definition of "related" in the phrase "related to a case under Title 11", which expresses the outer limits of jurisdiction under Title 11: "whether the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy," *Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir.1987) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3rd Cir.1984)). Although the Fifth Circuit expressed concern that an overbroad interpretation of section 1334(b) would bring into federal court matters best left to the decision of state courts, they also proposed the means to meet that concern:

> ... There is no necessary reason why that concern must be met by restrictive interpretations of the statutory grant of jurisdiction under section 1334. The Act grants the district court *broad power* to abstain whenever appropriate "in the interest of justice, or in the interest of comity with State courts or respect for State law". The abstention provisions of the Act demonstrate the intent of Congress that concerns of comity and judi-

---

**3.** It is true that placement of bankruptcy jurisdiction with the district court effected a cure of the *Marathon* constitutional problem, and reference may be withdrawn as to any matter; however, the dual forums available for hearing bankruptcy issues do not mandate that a district court exercise jurisdiction. A state court or other nonbankruptcy forum still provides an appropriate alternative where warranted under the abstention principles outlined here.

cial convenience should be met, not by rigid limitations on the jurisdiction of federal courts, but by the discretionary exercise of abstention when appropriate in a particular case....

*Wood v. Wood,* 825 F.2d at 93 (emphasis added).

This broad grant to the district court of jurisdiction under Title 11 is exclusive only as to the actual bankruptcy case itself. 28 U.S.C. § 1334(a). Jurisdiction over "civil proceedings arising under Title 11 or arising in or related to cases under Title 11" is concurrent with "courts other than the district court". 28 U.S.C. § 1334(b). Consequently, although the grant of jurisdiction is broad, the reach of *exclusive* jurisdiction is narrow. The narrowness of the grant of exclusive jurisdiction, as implicitly held by the Fifth Circuit, grants the district court broad power to abstain upon recommendation of the bankruptcy court or on its own motion.

Although the jurisdiction of the district court under section 1334 is broad, the placement of such jurisdiction with the bankruptcy court is constrained. The proceedings over which the bankruptcy court can exercise jurisdiction are determined by 28 U.S.C. § 157, under which bankruptcy courts can finally determine only certain matters in bankruptcy cases. Subsection 157(b)(1), in addition to granting jurisdiction over a Title 11 case, grants the bankruptcy court the power to finally determine "all core proceedings arising under Title 11, or arising in a case under Title 11." Upon comparison of the language of section 157(b)(1) and section 1334(c)(1), it is clear that permissive abstention is available in core as well as noncore proceedings. Permissive abstention extends to any "proceeding arising under Title 11 or arising in or related to a case under Title 11." 28 U.S.C. § 1334(c)(1). Comparing the language of section 1334(c)(1) with the nonex-

clusive jurisdictional grant of section 1334(b), it is equally apparent that the district court upon the recommendation of the bankruptcy court could abstain from most core or noncore proceedings before the bankruptcy court if in "the interest of justice or in the interest of comity with state courts or respect for state law."

■ The question that presents itself, then, is what principles, other than the broad outline provided by section 1334(c)(1), should guide a bankruptcy court's report and recommendation to the district court. The mere presence of state law issues is not enough to recommend abstention, for virtually every issue which arises within the context of a bankruptcy case involves state law to at least some degree.[4] A starting point for me is whether abstention over a particular proceeding will impede or disrupt the bankruptcy court's "exclusive and non-delegable control over the administration of the estate within its possession." *Thompson v. Magnolia Petroleum Co.,* 309 U.S. at 483, 60 S.Ct. at 630. Where a cause of action for monetary damages based primarily on state law can be litigated in state court without substantial delay and disruption to the orderly administration of the estate, the best forum for resolution of that action is state court, *irrespective* of whether the legal issues present unsettled questions of state law.

■ Where a claim asserted against an estate involves legal issues in which state law predominates, a claim can be litigated in state court to the point of judgment, with enforcement of the judgment stayed until further order of the bankruptcy court. This result follows even though a formal proof of claim, the allowance or disallowance of which constitutes a core proceeding, has been asserted against the estate. *See* 28 U.S.C. § 157(b)(2)(B); *Wood v.*

---

**4.** Although difficulty in divining state law alone is generally insufficient to permit abstention in a case in which neither party is in bankruptcy, the seminal case which addressed abstention within the context of a bankruptcy case held abstention appropriate solely on the basis that the case presented difficult questions of state law. *Thompson v. Magnolia Petroleum Co.,* 309

U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940). In that case, the Supreme Court held that the bankruptcy court should not have determined unsettled questions of state property law in a bankruptcy proceeding, but should have required that the bankruptcy trustee bring the action in state court.

*Wood,* 825 F.2d at 97 ("a claim filed against the estate is a core proceeding because it could arise only in the context of bankruptcy"). Moreover, I view partial abstention as appropriate to divisible state law claims which are pendant to matters best left for resolution with the bankruptcy court.

Comity with state courts and respect for state law entail state courts assuming a limited role in certain matters brought within the bankruptcy court's jurisdiction. State courts afford the best forum for deciding issues whose resolution turns on interpretation of state law; consequently, I interpret the abstention powers granted by Congress broadly when considering whether to recommend that the district court abstain from a particular proceeding or cause of action.

■ Subparagraph (2) of subsection (c) of section 1334 supports the duality of allowing a claim to be adjudicated to final judgment in state court while preserving the issues of the status and enforceability of the claim to the bankruptcy court. The last sentence of subparagraph (2) states that "this subsection shall not be construed to limit the applicability of the stay provided for by section 362 ... as such section applies to an action affecting the property of the estate."[5] I interpret the above language as one author has in the following statement:

> By means of this reservation under § 1334(c)(2), the § 362(a) automatic stay continues to prevent a creditor from enforcing a judgment obtained in the non-bankruptcy court in favor of which the District Court abstained, unless the creditor wins relief from the stay pursuant to Code § 362(d). This means that if the creditor does not obtain relief from the stay then he must file a proof of claim based on the monetary judgment ob-

tained in the state forum. Such claim may then be the subject of a § 157(b)(1) proceeding in the bankruptcy court for its allowance or disallowance as a "core" proceeding "arising under" Title 11 (i.e., Code § 502), as part of the conventional proof of claim process, but with the judgment having appropriate res judicata effect at least as to liability.

1 Norton Bankr. L. & Prac. § 539, at 200 (1987).

Given the narrow grant of exclusive jurisdiction, the broad powers of abstention left to the discretion of the district court, and the bar to enforcement of a judgment obtained in state court, abstention even over a core proceeding, such as one involving a claim formally asserted against the estate, is not only authorized, but often appropriate.

■ Often a proceeding, cast in the language of a core proceeding, merely shrouds state law actions under the guise of a bankruptcy issue. A typical example is an adversary proceeding commenced as an action for turnover of property under 11 U.S.C. § 542. An action for turnover of property is a core proceeding under 28 U.S.C. § 157(b)(2)(E). Frequently, a breach of contract claim identical to the cause of action at issue in the *Marathon* is presented as a core proceeding as inducement for the court to exercise power over the proceeding. *See, e.g., R.I. Lithograph Corp. v. Aetna Casualty and Surety Co. (In re Lithograph Corp.),* 60 B.R. 199 (Bankr.R.I. 1986) (Action on an unmatured disputed contract claim is not a section 542(b) turnover proceeding and consequently not a core proceeding). If 11 U.S.C. § 542 were to be interpreted as expansively as often times urged, every action brought by a debtor-in-possession with the end to recov-

---

**5.** Curiously, Congress placed two substantive matters which apply to both permissive and mandatory abstention in subparagraph (2) of subsection (c) which addresses mandatory abstention. But for the language "under this subsection", arguably neither the nonreviewability of the decision to abstain or the applicability of the stay would apply to permissive abstention. In fact, a credible argument based on strict statutory construction can be made that since

these provisions fall within the mandatory abstention portion of section 1334 rather than a separate "subsection," they do not apply to permissive abstention. If this interpretation were adopted, the power of the bankruptcy court to permissibly abstain without recommendation to the district court could be asserted since nonreviewability, the primary objection to such power, would be removed.

er a money judgment could be construed as an action for turnover, which could well be at odds with *Marathon. See* 1 Collier Bankruptcy Manual ¶ 3.01, 3–40 (1987). Consequently, another factor I will look to in determining whether to recommend abstention is whether a proceeding is truly a core proceeding in substance rather than in form only.[6]

In determining which factors to consider in making the determination to recommend permissive abstention under 28 U.S.C. § 1334(c)(1), I also find guidance from the mandatory provision contained in section 1334(c)(2):

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under Title 11 but not arising under Title 11 or arising in a case under Title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Abstention over a proceeding is mandatory under section 1334(c)(2), only if each of the above elements set forth are present. Although all of the elements may not be present in a particular proceeding thereby requiring mandatory abstention, permissive abstention, being of broader application, may nonetheless be appropriate based on the presence of some of the factors gleaned from this provision: (1) the existence of two closely related proceedings based upon state law or a state law cause of action, (2) the absence of any basis for jurisdiction other than section 1334, (3) the likelihood that the proceeding can be timely adjudicated in a state forum (4) the extent to which state law issues predominate, and (5) the degree of relatedness the proceeding has to the bankruptcy case.

In determining whether to recommend abstention I also consider the presence or absence of certain other factors. One important factor, relevant to determining whether a proceeding can be timely adjudicated in state court, is the burdens of my caseload. Adversary proceedings, such as the one involved here, require an enormous expenditure of scarce judicial resources. Many pressing matters which cannot be delayed without harm to estates or creditors place increasing demands on the court's time.[7] Adversary proceedings, as a consequence, are often positioned last in priority. The delay attendant upon abstention from a proceeding, therefore, must be compared with the effect adjudicating the proceeding has upon the allocation of a court's scarce judicial resources to essential matters concerning administration of all estates.

Another factor to be considered is whether the proceeding was filed in bankruptcy court for the purpose of forum shopping in order to gain some adversarial advantage rather than for the reason that the proceeding is so related to the estate that failure to adjudicate the proceeding within a bankruptcy forum would cause harm to or impede efficient administration of the estate. All courts should attempt to protect both the state and federal court systems from the illegitimate gamesmanship involved in forum shopping. Another consideration is whether the action is one in which a right to a jury trial may exist as to one or more issues presented for resolution. Where such right exists, whether waived or not, it is indicative that, in the absence of federal issues which give a right to a jury trial, a state law claim lies at the heart of the action. A final factor of considerable importance is the presence of nondebtor plaintiffs or defendants in the matter being considered for abstention. The right of nondebtor parties to a nonbankruptcy court forum, particularly if a jury trial right ex-

---

**6.** *See Wood v. Wood,* 825 F.2d at 94–99 for a clarifying discussion on the distinctions between a core and noncore proceedings.

**7.** Section 362 relief from stay and section 363 cash collateral motions are examples of matters where delay is potentially injurious to the interests of debtors and creditors. In the case of motions for relief from stay, delay is also prohibited under section 362(e).

ists in a nondebtor's case, presents a compelling argument for abstention.

In summary, there are numerous factors I will look to and balance in deciding whether to recommend abstention including the following: (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of my docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

## IV. APPLICATION OF THE ABOVE FACTORS TO THE FACTS OF THIS CASE

■ Plaintiff in this adversary proceeding asserts that although state law issues predominate over bankruptcy issues, this section 542 proceeding is nevertheless a core proceeding. For this proposition debtor relies on various illustrations of core proceedings contained in 28 U.S.C. § 157(b)(2). Subdivision (B) characterizes the allowance or disallowance of claims against the estate as a core proceeding.

Debtor's reliance on this provision is misplaced, however. A claim against the estate is initiated by the filing of a proof of claim as provided by Bankruptcy Rules 3001 and 3002. The filing of a proof of claim invokes the special rules of bankruptcy and is a core proceeding since it can only arise in the context of a bankruptcy proceeding. *See Wood v. Wood*, 825 F.2d at 97. The nature of the action that debtor argues constitutes a core proceeding was not initiated by the defendant in this adversary proceeding as a claim against the estate, but as a counterclaim to plaintiff's state law cause of action. Moreover, as discussed above, even if a proof of claim had been filed against the estate, I would not be reluctant to, in essence, bifurcate the action with liability and damages to be determined in a nonbankruptcy forum and status and enforcement to be left to this court.

Plaintiff's reliance on section 157(b)(2)(C) is also misplaced. That provision accords core status to counterclaims "by the estate against persons filing claims against the estate." No claim has been filed against the estate by defendant; nor is the counterclaim in this adversary proceeding asserted "by the estate."

■ Similarly, debtor's argument that this adversary proceeding is a core proceeding under section 157(b)(2)(E) since it seeks an order to turnover property of the estate is also in error. Although other bankruptcy courts have interpreted section 157(b)(2)(E) broadly,[8] I decline in general to follow that line of cases since to do so would, in my opinion, pose the hazard of running afoul of the Supreme Court's decision in *Marathon*. Instead, I will follow the more narrow interpretation placed on section 157(b)(2)(E) by an opposing line of cases.[9] The complaint and counterclaim at

---

**8.** *See, e.g., Franklin Computer Corp. v. Harry Strauss & Sons (In re Franklin Computer Corp.),* 50 B.R. 620 (Bankr.E.D.Penn.1985); *Lesser v. A–Z Associates (In re Lion Capital Group* ), 46 B.R. 850 (Bankr.S.D.N.Y.1985); *Harry C. Partridge, Jr. & Sons, Inc., v. M. & R. Construction Corp. (In re Harry C. Partridge, Jr. & Sons, Inc.),* 48 B.R. 1006 (Bankr.S.D.N.Y.1985); *Cotton v.*

*Shirah (In re All American of Ashburn, Inc.),* 49 B.R. 926 (Bankr.N.D.Ga.1985).

**9.** *See, e.g., Appel v. Mainstar Oil Co. (In re B & L Oil Company),* 46 B.R. 731 (D.Colo.1985); *Atlas Automation, Inc. v. Jensen, Inc. (In re Atlas Automation Inc.),* 42 B.R. 246 (Bankr.E.D.Mich. 1984); *Craig v. Air Brake Controls, Inc. (In re Crabtree),* 55 B.R. 130 (Bankr.E.D.Tenn.1985); *Century Brass Products, Inc. v. Millard Metals*

issue here are based on contract theories. Although money allegedly due a Chapter 11 debtor can be described as "property of the estate" for which the plaintiff is requesting a "turnover" order, in light of the fact that the 1984 Amendments to Title 11 were enacted in response to the *Marathon* decision, it is doubtful that Congress intended this type of action to be finally resolved by a bankruptcy court. Therefore, plaintiff's assertion that this proceeding evokes core status is unfounded, and I hold that pursuant to section 157(b)(3), this adversary proceeding is a "proceeding that is otherwise related to a case under Title 11", that is, a noncore proceeding.

Since enforcement of any judgment obtained in a nonbankruptcy forum is precluded by the reference in section 1334(c)(2) to the automatic stay provision of section 362, any effect on the efficient administration of the estate will be minimal. Once contract liability is resolved elsewhere, I will determine any issues relating to the administration of any funds accruing to the estate, or any resulting claim asserted against the estate. Although some delay may result in commencing this proceeding elsewhere, given my calendar, I am convinced such delay will not inordinately impede efficient administration of this estate.

 Although diversity jurisdiction exists between the parties and hence pre-

cludes mandatory abstention,[10] in light of preponderance of other factors militating in favor of abstention, permissive abstention is nonetheless appropriate. In addition to the factors discussed above, this action, in substance if not in form, was commenced in federal court in the Eastern District of Pennsylvania. Debtor petitioned for a change of venue to this district, but before its motion could be ruled on, it filed bankruptcy here, effecting a stay of the proceeding in Pennsylvania. More than a hint of forum shopping is conveyed by the procedural posture of this dispute. In addition, the main case has been subject to my sua sponte motion to show cause why the case should not be dismissed for failure to diligently prosecute. Although I ruled not to dismiss the underlying bankruptcy case, the failure by the debtor to diligently prosecute the case buttresses my suspicion that this adversary proceeding wags the tail of the bankruptcy case, and that frustrating defendant's original choice of a Pennsylvania forum was more than an allegation.

THEREFORE I respectfully recommend that the District Court pursuant to 28 U.S.C. § 1334(c)(1) permissively abstain from this adversary proceeding for the reasons stated above.

*Service Center, Inc. (In re Century Brass Products, Inc.)*, 58 B.R. 838 (Bankr.Conn.1986); *Satelco, Inc. v. North American Publishers Inc. (In re Satelco, Inc.)*, 58 B.R. 781 (Bankr.N.D.Tex. 1986).

**10.** Although the district court, and by reference the bankruptcy court, has jurisdiction over this action, since it is a proceeding "related to" a case under Title 11, the fact that diversity of citizenship is complete among the parties does not preclude abstention over this proceeding. Diversity jurisdiction does not transform what essentially is a state law cause of action into an action which *must* be heard by the bankruptcy court or, through withdrawal of reference, the district court where either court could exercise jurisdiction under Title 11.

To the extent that the choice of an alternative forum is not foreclosed by the pending suit in the Western District of Pennsylvania, the parties are free to bring their action in state court or federal court on the basis of jurisdiction other than under Title 11. If the choice is a federal

forum on the basis of diversity jurisdiction, a district court presides over the proceeding as an Article III court with full constitutional powers to adjudicate the controversy while remaining respectful of state created rights, such as the right to a jury trial.

The presence of diversity jurisdiction may well dispose of the concern under section 1334(c)(1) for comity with state courts. My concerns regarding respect for state law and the interests of justice, however, remain nonetheless viable to the abstention decision when applied by an Article I bankruptcy court. Although withdrawal of reference by the district court under Title 11 may effect the same result as abstention, my favoring abstention over withdrawal of reference is based on my belief as to what matters are appropriately before either a bankruptcy or district court exercising jurisdiction under Title 11. Another basis for jurisdiction other than Title 11 may militate against abstention, but it is but one factor to be balanced against other equally or more heavily weighted factors.