**In re RICHMOND TANK CAR COMPANY, d/b/a Richmond Industries, Debtor.**

**RICHMOND TANK CAR COMPANY, d/b/a Richmond Industries, Richmond Carbon–Alloy Company, and Richmond Stimwell Company, Movant,**

v.

**CTC INVESTMENTS, Respondent.**

Civ. A. No. H–89–413.
Bankruptcy No. 87–01837–H3–11.
Adv. No. 88–0408–H3.

United States District Court,
S.D. Texas,
Houston Division.

April 19, 1989.

---

John P. Melko, Sheinfeld, Maley & Kay, Houston, Tex., for debtor/movant.

Susan Brandt, Boyar, Norton & Blair, Houston, Tex., for respondent.

## ORDER

HUGHES, District Judge.

Based on the foregoing Report and Recommendation of the Bankruptcy Court on the Motion to Abstain, the District Court holds that abstention is appropriate and therefore orders that the above referenced adversary proceeding is DISMISSED.

## REPORT AND RECOMMENDATION TO THE DISTRICT COURT FOR ABSTENTION FROM AN ADVERSARY PROCEEDING

LETITIA Z. CLARK, Bankruptcy Judge.

This matter comes before the court upon motion by the defendant in this adversary proceeding, for summary judgment, pursuant to F.R.C.P., R. 56(a). Plaintiff and Debtor, Richmond Tank Car. Company (RTC) filed a response and a hearing was held at which time arguments of counsel were presented.

■ This court will now consider, *sua sponte,* whether a recommendation should be made to the District Court for an order of abstention to be entered pursuant to 28 U.S.C. § 1334(c). The court has authority to consider abstention *sua sponte* pursuant to 28 U.S.C. § 1334(c), 11 U.S.C. § 105(c) and relevant case law. *Bellotti v. Baird,* 428 U.S. 132, 96 S.Ct. 2857, 49 L.Ed.2d 844 (1976), *In re World Financial Services Center, Inc.,* 81 B.R. 33 (Bankr.S.D.Cal. 1987).

Pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157 and the Order of Reference of Bankruptcy Cases and Proceedings, as entered by the District Court, Southern District of Texas, August 9, 1984, John V. Singleton, Chief Judge, this court has jurisdiction to initially evaluate the grounds for abstention in accordance with B.R. 5011(b).

After consideration of the oral presentation of the parties, the arguments presented and the relevant case law, this court concludes that abstention as authorized under 28 U.S.C. § 1334(c)(1) is proper. This court, therefore, respectfully recommends that the District Court, after appropriate review of this report and any objections as filed by either party pursuant to B.R. 9033, order abstention by the Federal Courts from this adversary proceeding.

To the extent any findings of fact herein are construed to be conclusions of law, they are hereby adopted as such. To the

extent any conclusions of law herein are construed to be findings of fact, they are hereby adopted as such.

## I. *Findings of Fact*

On February 23, 1987 Richmond Tank Car Company, d/b/a Richmond Industries (RTC) filed its Chapter 11 petition. RTC was one of the owners of a manufacturing facility located at Sheldon, Texas. This facility was also partially owned by two RTC subsidiaries, Richmond Carbon–Alloy, Company (RC–A) and Richmond–Stimwell Company (Stimwell).

A plan has been proposed by RTC in the Chapter 11 case but has not yet been confirmed. The proposed plan calls for the complete liquidation and distribution of the assets of RTC.

On October 27, 1987 this court approved the sale of the Sheldon Manufacturing facility to CTC Investments, Inc. (CTC). CTC was the high bidder at a court approved auction of the assets of RTC. The terms of the sale were governed by certain agreements which had been proposed by another party which ultimately was an unsuccessful bidder at the sale of assets. These agreements were subject to certain pre-closing modifications by the parties. Ultimately, two asset-purchase agreements were entered into by the parties; one between CTC and RTC, and another between CTC, RC–A and Stimwell.

After closing, a dispute arose between CTC, RTC and the two RTC subsidiaries, RC–A and Stimwell, regarding certain adjustments to the purchase price which the parties had agreed were to be made after closing pursuant to certain purchase price adjustment provisions in the agreements. As a result, RTC filed the adversary complaint which initiated this case and which requested declaratory relief. RTC in the complaint asked the court to interpret the purchase agreements discussed above, and requested a judgment delineating the rights and obligations of the parties under the purchase price adjustment provisions.

On July 5, 1988 CTC filed its first amended counterclaim, which also requested a court interpretation of the price adjustment provisions and a court order enforcing the contracts between the parties.

On September 6, 1988 CTC filed its motion for summary judgment to which RTC filed a response. A hearing was held on November 14, 1988. At the hearing the court raised the question of whether abstention should be recommended to the District Court in this case, thereby leaving this contract dispute to be instituted in state court.

## II. *Discussion and Conclusions of Law*

RTC asserts that bankruptcy jurisdiction is proper in this case based upon 28 U.S.C. § 157, 28 U.S.C. § 1334 and 11 U.S.C. § 105. RTC asserts that this matter is a core proceeding. However, the court notes that the only "liquidation" issues presented in this complaint for declaratory judgment involve questions of contract construction which will be controlled by state law.

The existence of state law issues alone will not support a recommendation of abstention, and it is appropriate where applicable, to consider the following:

(1) The administrative effect on the estate in the event of a bankruptcy court recommendation of abstention.

(2) The extent to which state law issues predominate over bankruptcy issues.

(3) The difficulty or unsettled nature of applicable state law.

(4) The existence of any related proceedings.

(5) The jurisdictional basis, if any, other than 28 U.S.C. § 1334.

(6) The degree of relatedness of the proceeding to the main bankruptcy case.

(7) The substance rather than the form of an asserted core proceeding.

(8) The feasibility of state claim severance from core bankruptcy matters.

(9) The present docket burden in the Bankruptcy Court.

(10) The likelihood of forum shopping by one party.

(11) The existence of the right to a jury trial by either party.

(12) The presence of nondebtor parties in the proceeding.

*See, In re Republic Readers Service, Inc.,* 81 B.R. 422 (Bankr.S.D.Tex.1987).

█ In addition, considerations of comity have been expanded following the Supreme Court opinion in *Northern Pipeline Construction Co. v. Marathon Pipeline Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). 28 U.S.C. § 1334 was thereafter amended to reflect an expansion of the abstention doctrine in bankruptcy. Permissive abstention pursuant to to 28 U.S.C. § 1334(c)(1), is favored when it is recommended "in the interest of comity with state courts or respect for state law." *Wood v. Wood,* 825 F.2d 90 (5th Cir.1987). *See also, In re Carr, (Carr v. Carr),* Case No. 88–02212–H5–7, Adversary No. 88–0456, July 29, 1988, Southern District of Texas.

The proceeding before the court at this time is not clearly a core proceeding under 28 U.S.C. § 157. See *In re Pierce,* 44 B.R. 601 (D.Colo.1984). Although this matter is somewhat related to the liquidation of the assets of the estate as set forth in 28 U.S.C. § 157(b)(2)(0), it is one over which a state court has concurrent jurisdiction. *In re American Energy,* 50 B.R. 175 (Bankr. D.N.D.1985). Additionally, the fact that this court permitted the sale of the assets under the agreements at issue here should not prevent the parties from seeking their declaratory judgment relief from the state court when it is apparent that state law will be determinative in interpreting the contract(s) between the parties. The fact that the adversary proceeding was initiated by the Debtor, in itself, should not be sufficient to dictate trial before the Bankruptcy Court for determination of a matter clearly governed by state law.

The issues in this adversary are readily severable from the main bankruptcy herein. It is a dispute over the terms of a written contract. The matter having been filed as an adversary proceeding, its issues are already separate for all practical purposes from the main bankruptcy case.

Also supporting a recommendation of abstention to the District Court is the extent of the Bankruptcy caseload in this district and the delay which will result in the administration of the other cases before the Bankruptcy Court if this matter also is to be tried. *In re Republic Reader's Services, Inc.,* 81 B.R. 422 (Bankr.S.D.Tex.1987)

As a result of the recommendation for abstention, as made herein, this court does not rule on the motion for summary judgment of CTC at this time.

This court respectfully recommends that the District Court, pursuant to 28 U.S.C. § 1334(c)(1), permissively abstain from this adversary proceeding.

SIGNED at Houston, Texas on this 10th day of Jan., 1989.