### In re NAUGATUCK DAIRY ICE CREAM, CO., INC., d/b/a Richland Farms, Inc., Debtor.

### MARCUS DAIRY, INC., Plaintiff,

### v.

### Richard BELFORD, Trustee, Defendant.

**Bankruptcy No. 5–88–00967. Adv. No. 5–89–0100.**

United States Bankruptcy Court, D. Connecticut.

Oct. 17, 1989.

---

Ira B. Charmoy, Charmoy & Kanasky, Bridgeport, Conn., for Chapter 7 Trustee.

David B. Zabel, Cohen and Wolf, P.C., Bridgeport, Conn., for plaintiff.

## MEMORANDUM AND DECISION ON MOTION TO DISMISS; STAY OR ABSTAIN; AND SANCTIONS UNDER RULE 9011

ALAN H.W. SHIFF, Bankruptcy Judge.

This adversary proceeding is the procedural format employed by the defendant's predecessor, a chapter 11 debtor, to object to a claim it filed in the plaintiff's name and assert a counterclaim. The plaintiff ("Marcus") moves to dismiss for lack of jurisdiction or, in the alternative, for a stay of the proceeding or abstention. In addition Marcus seeks sanctions against the defendant and his counsel under Bankruptcy Rule 9011.

### BACKGROUND

Marcus has commenced an action in state court against Freedom Foods for damages arising out of a default on the payment of notes given by Freedom Foods for the purchase of most of the debtor's stock and assets. *Marcus Dairy, Inc. v. Freedom Foods, Inc.*, No. CV–87–0295563S (Super. Ct., J.D. of Danbury). Freedom Foods subsequently assigned to the debtor a counterclaim for breach of contract.

On November 3, 1988, the debtor filed a petition under chapter 11 and listed Marcus

on its Schedule A–3 as having a disputed, unsecured claim in an unspecified amount. March 2, 1989 was set as the bar date for filing proofs of claim. Bankruptcy Rule 3003(c)(3).[1] Marcus did not file a proof of claim, and therefore the debtor had until April 3, 1989 to file a claim in Marcus' name. Bankruptcy Rules 3004 and 9006(a). On May 8, 1989, the debtor filed a proof of claim (the "purported claim") in the amount of one dollar in Marcus' name. On that date the debtor also filed an "Objection to the Claim of Marcus Dairy and Counterclaim". The debtor's objection alleges that "no monies are owed." The counterclaim alleges that this court has jurisdiction under 28 U.S.C. § 157(b)(2)(C) to hear and determine four complex claims, only one of which is arguably a compulsory counterclaim arising out of the same transaction as the purported claim.

On May 22, 1989, an order entered granting the debtor's motion to convert the case to chapter 7. The defendant was appointed trustee (the "trustee") and is accordingly the successor to the debtor's counterclaim.[2] On July 17, 1989, an order entered approving the employment of Ira Charmoy, who had served as the debtor's attorney in the superceded chapter 11 case, as attorney for the trustee. October 4, 1989 was set as the new bar date for filing proofs of claim. Bankruptcy Rule 1019(3).

Marcus argues that this proceeding should be dismissed because the jurisdictional basis upon which it is grounded is procedurally and substantively flawed. In support of that contention, Marcus states that invoices it sent to the debtor were sent in error, that it has no claim against the debtor, and that therefore the purported claim is a fiction to which the trustee's counterclaim cannot be linked for the purposes of establishing jurisdiction. Marcus also contends that even if the purported

claim had substantive validity, it was not timely filed. In the alternative, Marcus argues that either this proceeding should be stayed so that the arbitration clause of the purchase agreement may be implemented or that the court should abstain under 28 U.S.C. § 1334(c)(1) or (2) because this is not a core proceeding and a state court proceeding is pending.[3] Finally, Marcus contends that the purported claim and the objection and counterclaim were not "well grounded in fact" so that it is entitled to an award of fees and costs as a sanction for the violation of Rule 9011.

In contrast, the trustee argues that it would elevate form over substance to find that the claim was not timely filed because a claim could now be filed in the chapter 7 case. The trustee appears to insist, notwithstanding Marcus' disclaimer, that Marcus has a claim against the estate, and that § 501(c) entitled his predecessor to file a proof of claim in Marcus' name and assert a counterclaim.

## DISCUSSION

### A. MOTION TO DISMISS

#### (1) PROCEDURAL ISSUE:

Has the trustee *timely* filed a proof of claim in Marcus' name upon which this court's jurisdiction under 28 U.S.C. § 157(b)(2)(C) can be grounded?

#### (2) SUBSTANTIVE ISSUE:

Can a trustee file a proof of claim in a creditor's name for the purpose of creating jurisdiction under 28 U.S.C. § 157(b)(2)(C)?

The following statutes and rules are material to the analysis of these jurisdictional issues:

*28 U.S.C. § 157(b):*

(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11,

---

1. *See infra* at pp. 26–27 for the text of the material rules and statutes referred to in this background section.

2. By an order dated August 21, 1989, the trustee was substituted as the defendant in this action for the debtor.

3. During oral argument it was disclosed that neither the debtor nor the trustee is a named

defendant in the state court action. The trustee's assertion that his predecessor was an assignee of Freedom Foods' claim against Marcus is not challenged by Marcus, but the trustee's status in the state court action as a party or otherwise was not clarified by counsel or their pretrial memoranda.

or arising under title 11, ... and may enter appropriate orders and judgments, subject to review under section 158 of this title.

(2) Core proceedings include, but are not limited to—....

(C) counterclaims by the estate against persons filing claims against the estate....

*Code § 101(9):*

"[C]reditor means—

(A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor....

*Code § 501:*

(a) A creditor ... may file a proof of claim.....

(c) If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim.

*Bankruptcy Rule 3001:*

(a) A proof of claim is a written statement setting forth a creditor's claim....

(b) A proof of claim shall be executed by the creditor or the creditor's authorized agent except as provided in Rules 3004 and 3005.

*Bankruptcy Rule 3002:*

(a) An unsecured creditor ... must file a proof of claim ... in accordance with this rule for the claim ... to be allowed, except as provided in Rules 1019(4), 3003, 3004 and 3005.

*Bankruptcy Rule 3003(c):*

(2) Any creditor whose claim or interest is ... scheduled as disputed ... shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

(3) The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed.

*Bankruptcy Rule 3004:*

If a creditor fails to file a proof of claim on or before the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, the debtor or trustee may do so in the name of the creditor, within 30 days after expiration of the time for filing claims prescribed by Rule 3002(c) or 3003(c), whichever is applicable....

■ As noted, neither Marcus nor the debtor filed a proof of claim within their respective bar dates. *See supra* at 26.[4] The Trustee urges the court to overlook the untimely filing, arguing that since he may now file a proof of claim to do otherwise would elevate form over substance. The Trustee's argument would only have merit if the substance of his claim were meritorious. It is not.

■ The grant of jurisdiction to "hear and determine ... counterclaims by the estate against persons filing claims against the estate", 28 U.S.C. 157(b)(2)(C), is premised upon implied consent by the creditor to the jurisdiction of the bankruptcy court. *Piombo Corp. v. Castlerock Properties (In re Castlerock Properties),* 781 F.2d 159, 162–63 (9th Cir.1986) (the filing of a proof of claim after a debtor's assertion of a related claim does not constitute implied consent to jurisdiction of the bankruptcy court over the related claim); *Lombard–Wall, Inc. v. New York City Hous. Dev. Corp. (In re Lombard–Wall, Inc.),* 44 B.R. 928, 936 (Bankr.S.D.N.Y.1984). *See also Thomas v. Union Carbide Agric. Prod. Co.,* 473 U.S. 568, 584, 105 S.Ct. 3325, 3334–35, 87 L.Ed.2d 409 (1985) ("Congress may not vest in a non–Article III court the power to adjudicate, render final judgment, and issue binding orders in a traditional contract action arising under state law, without consent of the litigants, and subject only to ordinary appellate review.").

As noted, on May 8, 1989, the debtor filed the claim in Marcus' name and, by a separate document, an objection to that claim and a counterclaim against Marcus. It is apparent that the purported claim was

---

**4.** If the claim had been timely filed in the superceded chapter 11 case, it would "be deemed filed in the chapter 7 case." Bankruptcy Rule 1019(4).

filed merely as a basis to allege bankruptcy court jurisdiction. The trustee's attorney acknowledged the accuracy of that observation during oral argument. To construe that procedure as the equivalent of a creditor consenting to bankruptcy court jurisdiction would ignore the distinction between core and noncore proceedings and circumvent the jurisdictional framework created in response to *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). I therefore conclude that the untimely filing of the purported claim renders it procedurally defective and that this court does not have jurisdiction under 28 U.S.C. § 157(b)(2)(C).

■ That result does not dispose of the motion to dismiss. As the court in *Harary v. Blumenthal,* 555 F.2d 1113, 1115 n. 1 (2d Cir.1977), held, "[w]hen the [counterclaim] ... pleads facts from which federal jurisdiction may be inferred ... the insufficiency of the jurisdictional allegation is not controlling, and the action need not be dismissed." *See also Andrus v. Charlestone Stone Prod. Co.,* 436 U.S. 604, 607–08 n. 6, 98 S.Ct. 2002, 2005 n. 6, 56 L.Ed.2d 570 (1978). 28 U.S.C. § 157(b)(3) provides in part that the "bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11."

28 U.S.C. § 157(c)(1) provides:

A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

An adversary proceeding may be related to a bankruptcy case when the outcome of the proceeding could have an effect on the estate being administered, *i.e.* where the proceeding would affect the distribution to creditors. *New York Life Ins. Co. v. Chase Manhattan Bank, N.H. (In re Texaco, Inc.),* 85 B.R. 934, 938 (Bankr.S.D.N.Y. 1988). By that criteria it is apparent that the trustee's action for breach of contract, breach of warranty, and misrepresentation is a related proceeding. *Wyandotte Indus. v. E.Y. Neill & Co. (In re First Hartford Corp.),* 63 B.R. 479, 481 (Bankr.S.D.N.Y. 1986); *Nanodata Computer Corp. v. Kollmorgen Corp. (In re Nanodata Computer Corp.),* 52 B.R. 334, 343 (Bankr.W.D.N.Y. 1985), *aff'd, Intellitek Computer Corp. v. Kollmorgen Corp. (In re Nanodata Computer Corp.),* 74 B.R. 766 (W.D.N.Y.1987). I accordingly conclude that this court has jurisdiction to hear this adversary proceeding and submit proposed findings of fact and conclusions of law to the district court.

### B. ABSTENTION

■ 28 U.S.C. § 1334(c)(1) provides:

Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Factors to consider in determining whether abstention is appropriate under § 1334(c)(1) include: (1) whether the action could have been commenced in federal court absent the jurisdiction of the bankruptcy court and can be timely adjudicated in a state court; *National Union Fire Ins. Co. of Pittsburgh v. Titan Energy, Inc. (In re Titan Energy, Inc.),* 837 F.2d 325, 333 (8th Cir. 1988); *Levovitz v. Verrazano Holding Corp. (In re Verrazano Holding Corp.),* 86 B.R. 755, 763 (Bankr.E.D.N.Y.1988); (2) whether abstention would prevent duplicative litigation and potentially inconsistent rulings, *see In re Verrazano Holding Corp., supra,* 86 B.R. at 763 (Bankr.E.D.N.Y.); *Volvo White Truck Corp. v. Chambersburg Beverage, Inc. (In re White Motor Credit Corp.),* 75 B.R. 944, 948 (Bankr. N.D.Ohio 1987); (3) the extent to which state law issues predominate over bankruptcy issues and the effect of abstention

on the administration of the estate, *In re Titan Energy, Inc., supra,* 837 F.2d at 332 (8th Cir.); *Republic Reader's Serv., Inc. v. Magazine Serv. Bureau, Inc. (In re Republic Reader's Serv., Inc.),* 81 B.R. 422, 429 (Bankr.S.D.Tex.1987); and (4) the presence of a related proceeding commenced in a state court. *In re Republic Reader's Serv., Inc., supra,* 81 B.R. at 429 (Bankr.S. D.Tex.).[5]

■ There is neither diversity of citizenship nor a federal question which would support federal jurisdiction absent the bankruptcy filing. Although the role of the trustee in the state court action has not been satisfactorily clarified, the trustee, as the debtor's successor, is claimed to be an assignee of Freedom Foods, a defendant in that action. The state court action involves, at least in part, the same claims which are asserted by the trustee in this proceeding. The state court action is pending and appears to be proceeding to trial, thus, abstention would prevent two parallel proceedings. Moreover, the trustee's counterclaims here are based wholly on state law, including common law breach of contract and warranty claims. In view of the uncertainty of the trustee's role in the pending state court action, mandatory abstention is inappropriate under 28 U.S.C. § 1334(c)(2), but for the reasons stated, abstention is appropriate under § 1334(c)(1).

### CONCLUSION

Marcus' motion to dismiss is denied, Marcus' motion for abstention is granted, and IT IS SO ORDERED.

It is FURTHER ORDERED that Marcus' motion for sanctions under Bankruptcy Rule 9011 will be considered in another hearing to be scheduled by further order of this court.

---

**5.** It is also noted that where, as here, most of the criteria established for mandatory abstention under § 1334(c)(2) are present, courts should give serious consideration to whether discretionary abstention is appropriate under § 1334(c)(1). *In re Titan Energy, Inc., supra,* 837 F.2d at 333 n. 14 (8th Cir.); *U.I.U. Health and Welfare Fund v. Levit (In re Futura Indus., Inc.),* 69 B.R. 831, 834 (Bankr.E.D.Pa.1987); *Braucher v. Continental Ill. Nat'l Bank and Trust Co. of Chicago (In re Illinois–California Express, Inc.),* 50 B.R. 232, 241 (Bankr.D.Colo.1985).