**In re SOUTHMARK STORAGE ASSOCIATES LIMITED PARTNERSHIP, Debtor.**

**SOUTHMARK PRIME PLUS, L.P., Plaintiff,**

**v.**

**SOUTHMARK STORAGE ASSOCIATES LIMITED PARTNERSHIP, Defendant.**

**Bankruptcy No. 90–51469.
Adv. No. 91–5092.**

United States Bankruptcy Court, D. Connecticut.

Oct. 11, 1991.

Lissa J. Paris, Mary Anne B. Tillona, Murtha, Cullina, Richter & Pinney, Hartford, Conn., for plaintiff.

Leighton Aiken, Johnson, Bromberg & Leeds, Dallas, Tex., David Zabel, Cohen & Wolf, P.C., Bridgeport, Conn., for defendant.

### MEMORANDUM AND ORDER ON ABSTENTION UNDER 28 U.S.C. § 1334(c)(1)

ALAN H.W. SHIFF, Bankruptcy Judge.

The instant proceeding arises on an order to show cause why this court should not abstain from hearing the above captioned adversary proceeding commenced by the plaintiff to determine the allowability of their claim against under Code §§ 501 and 502.

### BACKGROUND

The plaintiff, Southmark Prime Plus, Limited Partnership, is a Delaware limited partnership with its principal place of busi-

ness in Dallas, Texas. The plaintiff's general partner is Prime Plus Corporation, a Nevada corporation currently owned by McNeil Holdings and previously owned by The Southmark Corporation. Two thousand eight hundred limited partnership shares of the plaintiff were publicly sold by the Depositary Corporation, a Nevada corporation which initially owned all limited partnership shares. The plaintiff is managed by McNeil Real Estate Management, Inc., a Delaware corporation.

The defendant—debtor, Southmark Storage Associates Limited Partnership, is a Texas limited partnership, with an office in Dallas, Texas. The defendant's assets consist of mini-storage units in Atlanta, Georgia and San Diego, California.

On December 4, 1987, the plaintiff made a loan of $2,327,242.00 to the defendant which is evidenced by a promissory note and secured by a deed to secure debt and an assignment of rents. Those security interests were recorded on the Dekalb County, Georgia land records on December 7, 1987.

On August 6, 1990, the defendant filed a petition in this court under chapter 11. On October 24, 1990, the plaintiff filed a proof of claim under § 501(a), to which the defendant objected on January 7, 1991. *See* § 502(a). On April 26, 1991, the defendant filed a motion seeking a determination under § 506(a) that the value of the property securing the plaintiff's claim was $1,800,000.00. On May 2, 1991, the plaintiff filed an objection, contending that the property was worth $2,525,000.00. On August 6, 1991, an order entered that the present value of the property, under a discounted cash flow analysis, was $2,100,000.00. *In re Southmark Storage Associates Limited Partnership*, 130 B.R. 9 (Bkrtcy.D.Conn.1991).

On April 25, 1991, the plaintiff filed the instant adversary proceeding to have its claim allowed.[1] On May 13, 1991, the defendant filed its answer, which included an affirmative defense that the debt had been reduced by approximately $1,800,000.00 because of Southmark Corporation's purchase of limited partnership shares in March of 1989.[2] The defendant asserts that by agreement among itself, Southmark Corp., and the plaintiff, in lieu of a cash transfer between the parties, the debt owed by the defendant to the plaintiff was to be reduced by the purchase price. For the reasons that follow, I abstain under 28 U.S.C. § 1334(c)(1) from hearing this adversary proceeding.

## DISCUSSION

### I.

28 U.S.C. § 1334(c)(1) provides:

Nothing in this section prevents a district judge in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11....

28 U.S.C. § 157(b)(1) provides:

Bankruptcy judges may hear and determine ... all core proceedings arising under title 11 ... and may enter appropriate orders and judgments, subject to review under section 158 of this title.

28 U.S.C. § 157(b)(3) provides:

The bankruptcy judge shall determine, on the judge's own motion ... whether a proceeding is a core proceeding under this sub-section....

I am persuaded by the line of cases that hold that abstention from hearing a core proceeding, such as the instant adversary proceeding to determine the allowance of a claim, is also a core proceeding. *See e.g., In re Pankau*, 65 B.R. 204, 208 n. 6 (Bkrtcy N.D.Ill.1986); *In re Williams*, 88 B.R. 187 (Bkrtcy N.D.Ill.

---

1. It had previously been decided that the defendant's objection to the plaintiff's proof of claim should be treated as an adversary proceeding and that since the ultimate burden of proof was on the plaintiff-creditor, it should commence the action. *See In re Central Rubber*, 31 B.R. 865 at 867 (Bankr.D.Conn.1983).

2. As noted *supra* at 232, Southmark Corporation was the previous owner of Prime Plus Corporation, the general partner of the plaintiff limited partnership.

1988). I further conclude that abstention under 28 U.S.C. § 1334(c)(1) may be raised by the court sua sponte. *See Matter of Dart & Bogue Co., Inc.,* 52 B.R. 594, 598 (Bkrtcy D.Conn.1985). *See also, Naylor v. Case & McGrath Inc.,* 585 F.2d 557, 563 (2d Cir.1978) ("Abstention may be raised by the court sua sponte.").

## II.

■ It is noted that the defendant does not object to abstention under § 1334(c)(1). The plaintiff, which does object, relies on this court's decision in *In re Naugatuck Dairy Ice Cream Co. Inc.,* 106 B.R. 24, 28 (Bankr.D.Conn.1989). Three factors were identified in *Naugatuck:*

> (1) whether the action could have been commenced in federal court absent the jurisdiction of the bankruptcy court and can be timely adjudicated in the a state court; (2) whether abstention would prevent duplicative litigation and potentially inconsistent rulings; [and] (3) the extent to which state law issues predominate over bankruptcy issues and the effect of abstention on the administration of the estate.

*See also, In re Republic Reader's Service, Inc.,* 81 B.R. 422, 429 (Bkrtcy S.D.Tex. 1987).

As to the first factor, the instant adversary proceeding involves a claim by the plaintiff for payment of a loan secured by a lien on the defendant's property and a defense that the debt had been reduced by a third party's purchase of the partnership shares of the plaintiff. It has been conceded that the resolution of this controversy will turn on Texas law, including decisions on alter ego. It is accordingly apparent that this action could not have been commenced in this court, absent bankruptcy court jurisdiction. Moreover, there is no reason to believe that if an action is quickly commenced in Texas, it will not be timely adjudicated, as the parties have already drafted pleadings and have completed discovery.

As to the second factor, there are no duplicative issues. Indeed, notwithstand-ing the plaintiff's argument that the issue of equitable subordination must be tried in this court, all of the issues can be decided in a Texas state court.

As to the third factor, state law issues not only predominate, they stand alone. Further, abstention will not adversely effect the administration of the estate. Texas corporation and partnership law will determine the extent of the plaintiff's claim. As the court in *In re Republic Reader's Service, Inc., supra,* 81 B.R. 422 at 427, observed, "State courts afford the best forum for deciding issues whose resolution turns on interpretation of state law ...". *See also In re Williams,* 88 B.R. 187, 189 (Bkrtcy N.D.Ill.1988).

> [T]he clearest case for abstention ... under ... 1334(c)(1) ... is one in which two parties have a dispute under state law and a potential judgment from the state court lawsuit will be the basis for or a defense against a claim in a bankruptcy proceeding.

Another factor is also relevant. This court must be mindful of its crowded docket, its limited resources, and the need to expeditiously address matters which require the expertise of the bankruptcy court. *See In re White Motor Credit,* 761 F.2d 270, 274 (6th Cir.1985); *Matter of Paige—Wilson Corp.,* 37 B.R. 527, 529 (Bankr.D.Conn.1984). Even if there is a delay attendant upon abstention, it "must be compared with the effect adjudicating the proceeding has upon the allocation of a court's scarce judicial resources to essential matters concerning administration of all estates." *Republic Reader's Service, supra,* 81 B.R. 422 at 428; *see also, In re Richmond Tank Car Co.,* 119 B.R. 124, 127 (Bkrtcy S.D.Tex.1989). That purpose is especially compelling where, as here, the only contact the defendant has with this district is the residence of one or more general partners.

## CONCLUSION

For the foregoing reasons, I abstain from hearing the above captioned adver-

sary proceeding pursuant to 28 U.S.C. § 1334(c)(1), and IT IS SO ORDERED.