In re ARKANSAS OIL &
GAS, INC., Debtor.

SONAT EXPLORATION COMPANY,
Plaintiff,

v.

ARKANSAS OIL AND GAS,
INC., Defendant.

Bankruptcy No. 96–41150 S.
Adversary No. 97–4008.

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

June 10, 1997.

5. In a voluntary case, the filing of a petition also   acts as the order for relief. 11 U.S.C § 301.

Joyce Bradley Babin, Little Rock, AR, for Plaintiff.

Geoffrey Treece, Little Rock, AR, for Defendant.

### ORDER OF ABSTENTION

MARY DAVIES SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the plaintiff's "Motion to Abstain from Deter-mination of Counterclaim or, in the Alternative, to Stay Proceedings on the Counterclaim," filed on April 15, 1997. The debtor defendant responded on May 12, 1997, and the plaintiff replied on May 20, 1997. This court has jurisdiction over this proceeding as well as this motion which constitute a core proceeding. *In re Southmark Storage Associates Ltd. Partnership*, 132 B.R. 231 (Bankr. D.Conn.1991).

The complaint presents core matters of recoupment, a request to compel an audit of the debtor's account, and request that it's post-petition expenses constitute an administrative claim. The defendant timely filed its responsive pleadings, including a counterclaim, seeking damages for plaintiff's actions in marketing gas from debtor's gas wells and payment of post-production expenses of affiliated companies of Sonat. The nature of the issues presented by the counterclaim are clearly non-core matters, merely "related to" the bankruptcy case. Prior to the bankruptcy filing, the debtor was a plaintiff in three multi-party lawsuits pending in the Chancery Court of Pope County, Arkansas, at least one of which is filed against Sonat.

### Mandatory Abstention, 28 U.S.C. § 1334(c)(2)

■ 28 U.S.C. § 1334(c)(2) mandates that a court abstain from hearing a proceeding

- based upon a state law claim or state law cause of action;
- related to a case under title 11 but not arising under title 11 or arising in a case under title 11, *i.e.*, the matter is noncore;
- with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section (bankruptcy cases and proceedings);
- if an action is commenced; and
- can be timely adjudicated, in a State forum of appropriate jurisdiction.

Section 1334(c)(2) also requires that the application be timely in order for the mandatory provision to apply. *Federation of Puerto Rican Org. of Brownsville. Inc. v. Howe,* 157

B.R. 206 (E.D.N.Y.1993). Inasmuch as the motion was filed approximately one month after the counterclaim was served, the motion is timely. *Cf. Gonzales Constr. Co. v. Fulfer (In re Fulfer),* 159 B.R. 921 (Bankr.D.Idaho 1993) (motion four months after removal was timely).

Each of the elements necessary for a showing of mandatory abstention are present in this proceeding. The issues presented by the counterclaim are merely related to the bankruptcy case and present non-core state law issues which appear to have long been pending in the state court. Further, absent the filing of this bankruptcy case, there is no independent basis for federal jurisdiction over the claims in the counterclaim.

The debtor's primary argument is that the issues presented by the state court litigation and the issues presented by the counterclaim are sufficiently different such that there is no action commenced in the state court, and, thus, mandatory abstention cannot be invoked. The Court agrees, however, that the similarities between the pending state court litigation and the counterclaim outweigh the debtor's technical distinctions since all of the claims the debtor asserts against Sonat arise from the Joint Operating Agreement or from its leases. All of the claims involve breach of the same contracts, fiduciary duties and breach of an implied covenant to market gas. Further, all of the claims require interpretation of the same Arkansas Code provisions and the same contracts. Accordingly, the Court believes that it is required to abstain from hearing the counterclaim.

### Discretionary Abstention, 28 U.S.C. § 1334(c)(1)

Even if the debtor is correct and the claims are sufficiently distinct that mandatory abstention does not apply, the court will abstain under section 1334(c)(1). Under section 1334(c)(1) of title 28, a court may abstain from hearing a proceeding arising under title 11 or arising in or related to a case under title 11 in the interest of justice,

or in the interest of comity with state courts or respect for state law. In determining whether such discretionary abstention is appropriate, there are numerous factors courts analyze, including many which are relevant here:

- the possible effect upon administration of the estate
- the extent to which state law issues predominate
- the difficulty or unsettled nature of applicable state law
- existence of jurisdictional basis other than the court's bankruptcy jurisdiction
- the feasibility of permitting judgment to be entered in state court
- the burden on the Bankruptcy Court's docket
- the presence of other parties to litigation, in bankruptcy or other courts.

*See generally Continental Airlines v.Allen,* 156 B.R. 441 (Bankr.D.Del.1993) (listing factors). The court has considered each of these factors, as well as others addressed in the motion. Where, as here, the issues before the Court are solely of state law, the issues, if not identical [1] to those raised in the state court litigation are sufficiently similar and require interpretation of the same contracts, leases, duties, and Arkansas Code provisions, that the interests of comity compel the conclusion that the matter is better resolved in the state court.

### Conclusion

Both the mandatory and permissive abstention doctrines delineated by 28 U.S.C. § 1334(c) are implicated by the debtor's counterclaim. The plaintiff has carried its burden of demonstrating that abstention under this statute is not only appropriate, but is mandated. Accordingly, the Court need not address other abstention doctrines or the alternative relief requested by the motion. It is

**ORDERED** as follows:

---

1. As pointed out by Sonat, if the debtor does not believe that the issues are directly before the state court, it may move to amend its complaint and/or institute a new case. In any event, it would be a waste of judicial resources for the issues in the counterclaim to be heard by this Court.

1. Plaintiff's "Motion to Abstain from Determination of Counterclaim or, in the Alternative, to Stay Proceedings on the Counterclaim," filed on April 15, 1997, is GRANTED.

2. The parties shall file their joint pre-trial statement, as previously directed, within fifteen (15) days of entry of this Order.

**IT IS SO ORDERED.**