In re Eric L. (Tony) McCONAGHY,
Debtor.

**NELSON WHITE CONSTRUCTION
MANAGEMENT CORPORATION,**
Plaintiff,

v.

Eric Lee (Tony) McCONAGHY, et
al., Defendants.

Bankruptcy No. 81–01000–R.
Adv. No. 81–0148–R.

United States Bankruptcy Court,
E. D. Virginia,
Richmond Division.

Nov. 17, 1981.

Robert A. Canfield, Richmond, Va., for plaintiff.

William Grogan, Richmond, Va., for debtor/defendants.

MEMORANDUM OPINION AND ORDER

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes on upon the filing by Nelson White Construction Management Corporation (Nelson White) of a Complaint to enforce a mechanic's lien and upon the filing by W. Marshall Tuck and Peggy Tuck (Tucks), Defendants herein, of a Motion to dismiss the Plaintiff's Complaint on the ground that this Court does not have subject matter jurisdiction over the mechanic's lien action. Upon the Pre-trial Order entered herein September 17, 1981 directing the filing of briefs on the motion and upon the filing of said briefs by the parties to

this proceeding the Court makes the following determination.

■ For the purpose of ruling on the Motion to dismiss, the allegations of the Complaint have been construed in the light most favorable to the Plaintiff and its allegations have been taken as true. Wright and Miller, *Federal Practice and Procedure: Civil*, § 1357.

Eric L. (Tony) McConaghy (McConaghy), the Debtor and a Defendant herein, entered into a contract with Nelson White for Nelson White to provide engineering and design work for a tennis facility known as On Court Tennis (On Court). Nelson White performed design and engineering work on the tennis facility, and claims that it is entitled to $8,022.17 plus interest for the work that it performed on that property. No payments have been made for the services which Nelson White rendered.

The tennis facility was sold at a public auction on February 6, 1981 pursuant to a foreclosure of the deed of trust securing a defaulted indebtedness. Heindl Evans, Inc., a Defendant herein, purchased the property at the foreclosure sale subject to all of the existing liens on the property.

Nelson White also alleges that it timely filed a Memorandum for Mechanic's Lien Claimed by a Subcontractor and that it has a valid mechanic's lien against that property.

28 U.S.C. § 1471(e) provides "The bankruptcy court in which a case under title 11 is commenced shall have exclusive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of such case." The filing of a petition in bankruptcy creates an estate which includes all of the debtor's legal and equitable interests. 11 U.S.C. § 541.

Nelson White admits in its complaint that the deed of trust covering the tennis facility was foreclosed upon and that Heindl Evans purchased the property on February 6, 1981, subject to all of the mechanic's liens. By virtue of this purchase and by the foreclosure on the deed of trust, McConaghy no longer has any interest in the property.

■ Nelson White argues that Allen E. Campbell had an interest in the property but that Heindl Evans failed to give him notice of the foreclosure sale; therefore, the foreclosure might be invalid. If the foreclosure sale could be invalidated, then On Court would be a contingent interest of McConaghy. The *Virginia Code* provides, however, that failure to give notice of a foreclosure to all equitable and legal owners does not affect the validity of a foreclosure sale. *Virginia Code* § 55–59.1 (Repl. Vol. 1981). The Complaint discloses that McConaghy had no interest in property after February 6, 1981. McConaghy filed his petition in bankruptcy on June 11, 1981, more than ninety days after the foreclosure. McConaghy possessed no interest in the property at the time he filed his petition in bankruptcy.

■ McConaghy has no interest in the real property involved in the suit; therefore, he is not a necessary party to the action to enforce the lien. *See, Pic Construction Company v. First Union Bank of North Carolina*, 218 Va. 915, 241 S.E.2d 804 (1978). This Court lacks jurisdiction to decide disputes between third parties in which the estate of the Debtor has no interest. Therefore, it is

ORDERED that the Complaint filed by Nelson White Construction Management Corporation be, and is hereby dismissed.