**In re STONER INVESTMENTS, INC., Debtor.**

**VALLEY NATIONAL BANK OF AURORA, a National Banking Association, Plaintiff,**

**v.**

**STONER INVESTMENTS, INC., Vendo Corporation and Lektrovend Corporation, Defendants.**

**No. 77 B 6054.**

United States Bankruptcy Court, N. D. Illinois, E. D.

May 19, 1982.

James D. Skaar, Ruddy, Myler, Ruddy & Fabian, Aurora, Ill., for Valley Nat. Bank of Aurora.

Allan G. Sweig, Nachman, Munitz & Sweig, Ltd., Chicago, Ill., for Vendo Corp.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This matter came to be heard on the Valley National Bank of Aurora's (Bank) motion to vacate this court's order, dated March 11, 1982, dismissing the Bank's complaint against Stoner (debtor), Vendo and Lektrovend. The court having carefully considered the memoranda filed by the parties, and being fully advised in the premises, does hereby deny the Bank's motion to vacate the March 11, 1982 order which dismissed the Bank's complaint against the debtor, Vendo and Lektrovend.

The Bank contends that the March 11, 1982 order dismissing its complaint should be vacated by this court because the Bank was unaware of the March 11 status hearing. Further, as to the merits of the proceedings, the Bank contends that this Court has and should exercise jurisdiction over its claim based on 28 U.S.C. § 1471(e) which grants to the Bankruptcy Courts broad jurisdiction over the property of the debtor and controversies surrounding or involving that property.

## FINDINGS OF FACT

Vendo, a defendant herein, is a judgment creditor of the debtor. The debtor owned real property which it leased to the Bank. In November of 1980 this court modified the automatic stay provided by Bankruptcy Rule of Procedure 11–44, and permitted Vendo to enforce its judgment against debtor in the state courts. Vendo thereafter began enforcing its rights in the state courts, a sheriff's sale of the property at issue was held and Vendo now holds a certificate of sale to the property. The Bank has sued defendant Lektrovend and is litigating with Vendo regarding its interests in the subject property in state court.

## DISCUSSION

The Bank in asking this court to exercise jurisdiction over its adversary complaint cites to the Bankruptcy Reform Act of 1978 (the Code) for its authority. The Code, however, did not become effective until October 1 of 1979 as provided in section 405(b), and its expanded jurisdiction does not extend to cases such as this case, filed prior to October 1, 1979.

Any doubt that may have existed as to the inapplicability of the Bankruptcy Code to this case was removed by the recent decision of the Supreme Court in *In re Geiger Enterprises*, —— U.S. ——, 102 S.Ct. 695, 70 L.Ed.2d 542 (Jan. 11, 1982). The Supreme Court in Geiger held that it is improper under section 403(a) of the Bankruptcy Code to permit a Chapter 11 debtor to dismiss its pre-October 1979 case in order to file a new case under Chapter 11 of the Bankruptcy Code. In so holding the Supreme Court went on to refer to the legislative history behind section 403(a) and explicitly pointed out that the drafters intended that the application of the new law would only be to new cases. Cases commenced before October 1, 1979, the court recognized, will continue to be governed by the Bankruptcy Act, as in effect on September 30, 1979 and by all other applicable laws in effect on that date.

Therefore, it is clear that the Bankruptcy Act and not the new Bankrupt-

cy Code provisions as to jurisdiction apply to this case. However, even if the expanded jurisdictional provisions of the Bankruptcy Code were applicable to this case, it would not be proper for this court to exercise jurisdiction over this matter. After this court modified the automatic stay of Rule 11–44 in November of 1980 to permit Vendo to enforce its judgment liens, the debtors' real property was sold at a sheriff's sale. The law commands that this court lacks jurisdiction to decide disputes between third parties in which the debtor has no interest. (*In re McConaghy*, 8 B.C.D. 671, 15 B.R. 480 (Bkrtcy.E.D.Va.1981)). When Vendo enforced its lien and the property was sold the land thus was no longer a part of the debtor's estate and the bank's dispute became one with the third party purchaser. Therefore, this court lacks jurisdiction to decide the bank's claim.

Moreover, the efficient and orderly administration of justice requires that this matter remain in state court. On November 3, 1980 when this court modified the automatic stay to permit Vendo to exercise its judgment liens, such litigation was thereby transferred to the state court to exercise jurisdiction and adjudicate all questions relating to Vendo's rights, the debtor's rights and the Bank's rights regarding the property subject to Vendo's judgment liens. The state court has taken and is now exercising jurisdiction over Vendo, the debtor, Lektrovend and the Bank. In fact, the Bank has sued Lektrovend and is litigating with Vendo in the state court.

The state court action can now be deemed a prior pending case (prior to the Bank's adversary complaint) in which all parties are present, in which none of the parties herein can object to the jurisdiction of the state court and in which the Bank has already raised substantially all of the issues it seeks to raise in this court. The state court is fully competent and possesses jurisdiction to adjudicate the Bank's claims and the rights of all parties of this adversary proceeding.

WHEREFORE, IT IS HEREBY ORDERED that the motion of the Valley National Bank of Aurora to vacate the order of March 11, 1982 dismissing the Bank's complaint or in the alternative for a rehearing, be and hereby is denied in its entirety.