### In re CLDC MANAGEMENT CORPORATION, Debtor.

### Clarence O. GESCHKE and Irene M. Geschke, Plaintiffs,

### v.

### CLDC MANAGEMENT CORPORATION, Union Realty Mortgage Company, et al, Defendants.

Bankruptcy No. 79 B 40657.
Adv. Nos. 80 A 0028, 80 A 0103 and 80 A 0277.

United States Bankruptcy Court, N.D. Illinois, E.D.

Aug. 13, 1985.

Richard Golding of Lord, Bissell & Brook and U.S. Trustee Susan Pierson DeWitt, Chicago, Ill., for CLDC Management Corp.

James J. Crowley of Loftus & Crowley, Chicago, Ill., for Clarence and Irene Geschke.

JOHN D. SCHWARTZ, Bankruptcy Judge.

This matter comes before the court on referral from District Court Judge John F. Grady for the "advice and recommendation of subject matter jurisdiction." The order of referral further stated that "the Bankruptcy Judge may enter any order he deems appropriate."

It is the recommendation of this Court that Judge Grady remand the pending adversary proceeding no. 80 A 0103, to the state court, and that the pending adversary

proceeding no. 80 A 0277 be dismissed. (Adversary no. 80 A 0028 has previously been disposed of by allowance of the claim.)

The referred matter is a motion to remand to the state court brought by one of the defendants, Union Realty Mortgage Company ("Union"), in the above entitled consolidated adversary proceedings pending in the bankruptcy court until March of 1983 at which time the adversary cases were reassigned to the district court.

The claims being asserted by Clarence and Irene Geschke, ("Geschkes") and against which Union's motion is directed, all arise out of a series of real estate transactions. In October of 1977, Union made a loan of $375,000.00 ("Union First Mortgage") to the Geschkes for the construction of a racquetball club ("Club"). (The real property in question has at all times been held in a land trust.) In June of 1978, Union commenced foreclosure proceedings against the trust. The Club was thereafter acquired by the debtor, Crestwood Land Development Company Management Corporation ("CLDC"). As part of CLDC's acquisition Union agreed to make and did make an additional loan to CLDC of $144,000.00 to complete construction of the Club. ("Union Third Mortgage"). Between the Union First Mortgage and the Union Third Mortgage, various mechanics lien claimants who had worked on the construction of the Club were issued nineteen (19) promissory notes in exchange for the release of their lien rights. Those notes were secured by one trust deed with James Campion as Trustee ("Campion Second Mortgage"). The mortgage liens against the Club are as follows:

```
A. Union First Mortgage
      Principal          $375,000.00
      Interest            290,645.00
   12/31/79—7/11/85
B. Campion Second Mortgage
      Principal          $113,614.21
      Interest          none available
C. Union Third Mortgage
      Principal          $144,000.00
      Interest            107,296.00
   3/18/80—7/11/85
```

CLDC does not dispute the amount or validity of any of these three encumbrances and has further stated in open court that the amount of these obligations without interest exceeds the value of the Club leaving CLDC with no equity whatsoever.

In 1979 several holders of mechanics lien notes commenced two foreclosure proceedings under the Campion Second Mortgage in the Circuit Court of the 19th Judicial Circuit of McHenry County, Illinois, in case nos. 79 CH 154 and 79 CH 159, naming the Geschkes, Union, CLDC and several others as defendants. Within these proceedings the Geschkes brought various counter-complaints against Union, CLDC, the mechanics lien claimants and others.

These foreclosure actions were pending in the state court when CLDC filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, and were removed to this court upon the Geschkes' petition. After the removal of the state court foreclosures, (now consolidated into one adversary, 80 A 0103) the Geschkes filed an additional adversary complaint (80 A 0277) naming the same parties as defendants and asserting claims similar to those asserted in the state foreclosure actions.

The numerous claims brought by the Geschkes may be categorized as defenses against the foreclosures ranging from attempts to receive priority over the recorded encumbrances, to complete avoidance of the various encumbrances with the goal of ultimately recovering the Club. [The Geschkes also seek various compensatory and punitive damages from Union, CLDC and the others.] Among the many causes of actions alleged by the Geschkes to accomplish this goal is the existence of a conspiracy to defraud them of the Club. It is asserted that Union and CLDC (through their respective officers and principals), and named others participated in this conspiracy.

The motion brought by Union in the district court and which is presently before this court for advice and recommendation,

seeks remand to the state court for lack of subject matter jurisdiction, or alternatively requests the court to exercise its discretion and abstain.

Memoranda in support of and in opposition to the motion were filed by Union and the Geschkes. This court, additionally requested supplemental memoranda specifically addressing the issue of subject matter jurisdiction. The court after receiving these supplements ordered counsel for CLDC to submit a memorandum of law on this issue. The court commends counsel for CLDC for the clarity and succinctness of its submission. The memorandum contained a well reasoned discussion and thorough analysis of subject matter jurisdiction and the doctrine of abstention. The position advanced by CLDC is that the court lacks subject matter jurisdiction over the claims asserted by the Geschkes against some of the defendants, but does have jurisdiction over the claims asserted against Union and CLDC. CLDC asserts that the state court is the most appropriate forum for an adjudication of the issues raised in the adversary cases now before Judge Grady.

In determining jurisdiction, the court must look to the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 98 Stat. 333 ("1984 Act") which amended the jurisdictional grant to the bankruptcy courts. The jurisdiction of the United States District Courts is "original and exclusive" in bankruptcy cases and is original but not exclusive in bankruptcy proceedings arising under, or arising in or related to cases under Title 11. The jurisdictional provisions, formerly contained in 28 U.S.C. § 1471(a) and (b), are now found in 28 U.S.C. § 1334(a) and (b), and provide as follows:

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

The Third Circuit in addressing the question of the limits to federal bankruptcy jurisdiction in civil proceedings "related to" bankruptcy under 28 U.S.C. § 1471(a) and (b) determined that for subject matter jurisdiction to exist there must be some nexus between the "related" civil proceeding and the Title 11 case. *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3rd Cir.1984). As the language of the current and former jurisdictional provision is identical, the discussion on jurisdiction is applicable and will be set forth at length:

The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. (citations omitted) Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptucy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

On the other hand, the mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the scope of section 1471(b). Judicial economy itself does not justify federal jurisdiction. See generally *Aldinger v. Howard,* 427 U.S. 1, 15, 96 S.Ct. 2413, 2420, 49 L.Ed.2d 276 (1976). '[J]urisdiction over nonbankruptcy controversies with third parties who are otherwise strangers to the civil proceeding and to the parent bankruptcy does not exist.' *In re Haug,* 19 B.R. 223, 224–25 (Bankr.D.Ore.1982); See also *In re McConaghy,* 15 B.R. 480, 481 (Bankr. E.D.Va.1981) (Bankruptcy court lacks jurisdiction to decide disputes between

third parties in which the estate of the debtor has no interest).

*Pacor, Inc. v. Higgins,* 743 F.2d at 994.

■ Under the above articulated test, an action is related to a bankruptcy if it will impact on the debtor's rights. An application of these principles to the instant matters leads this court to conclude that the district court does have subject matter jurisdiction over the claims asserted by the Geschkes against Union, CLDC and the mechanics lien claimants. It also has jurisdiction over the various claims asserted against other defendants named as co-conspirators with Union and CLDC. That is so, because if the Geschkes were successful in recovering the ownership of the Club it would affect the handling and administration of the bankruptcy estate. CLDC would have nothing! Perhaps more than it now has.

■ However, under that same test, the court concludes that the actions asserted by the Geschkes against defendants holding no security interest or ownership interest in the club are not related to the bankruptcy case. Whatever the outcome of the Geschkes' actions against the defendants within this category, the CLDC bankruptcy estate would not be affected in anyway. The success or failure of these actions will convey no benefit nor cause any detriment to CLDC.

The "nexus" required for subject matter jurisdiction between the "related" civil proceeding and the Title 11 case is absent in the Geschkes' actions against this group of defendants and accordingly, the court lacks subject matter jurisdiction over these claims.

Although subject matter jurisdiction exists in the district court over the claims raised against Union, CLDC, the co-conspirators, and the mechanics lien claimants, the issue of whether abstention is appropriate will now be addressed. The provisions for abstention are contained in 28 U.S.C. § 1334(c), and provide as follows:

(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain made under this subsection is not reviewable by appeal or otherwise. This subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.

■ Section 1334(c)(1) permits the district court, in its discretion, to abstain in the interest of justice, and it is applicable to the instant case. The provision for mandatory abstention in § 1334(c)(2) is not applicable to the present case because the bankruptcy petition was filed before the provision's effective date, July 10, 1984. Although abstention in the instant case is not mandatory, the recent amendments in the 1984 Act demonstrate that Congress intended that purely state-law claims be litigated in the state courts, and not in the bankruptcy courts.

The entire gravamen of the causes of action asserted by the Geschkes are state-law claims. Neither alone nor combined do the causes of actions alleged against Union, CLDC or others have anything to do with any bankruptcy statute, nor is any part of any claim based upon any bankruptcy law theory. They are common-law claims and but for the filing of the petition in bankruptcy by CLDC, would be heard in

the state court and not in the federal courts.

The court is aware that there is currently pending in the district court the Geschkes' motion to amend their pleadings by adding a count under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–68 ("RICO"). The Geschkes, placing considerable reliance on this pending motion, assert that the failure of the court to retain jurisdiction will result in their being forced to litigate in a piecemeal fashion in both the state and federal courts.

Nevertheless this court must make its recommendation based on the current state of the pleadings, and presently, not only, can all matters be adjudicated in the state court, but that is, in fact, the only forum in which all matters can be adjudicated.

Based on all the foregoing, particularly the total absence of any bankruptcy-type claims and CLDC's tangential interest in the Club, the recommendation of this court is that the matters consolidated in adversary case no. 80 A 0103 currently pending in the district court be remanded to the state court and adversary case no. 80 A 0277 be dismissed.

This court would advise the district court, and the parties, that in the event the matter is remanded, by the district court this court will consider favorably an appropriate application for a modification of the stay provided under 11 U.S.C. § 362 in order to permit the continuation of the actions against the debtor, CLDC, in the state court if same is required.

Since the district court in its referral order authorizes the entry by this court of any order deemed appropriate, the district court should be apprised that on June 25, 1985 the United States Trustee filed a motion to convert this case to a chapter 7 or in the alternative to dismiss the debtor's chapter 11 bankruptcy case. After notice and opportunity to be heard, the Trustee's motion has been taken under advisement by this court and it is set for disposition on September 19, 1985.

This court will immediately advise the district court of the order entered on September 19, 1985.